280 So.2d 400 (1973)
INGRAM CORPORATION
v.
James F. COOK.
No. 9334.
Court of Appeal of Louisiana, First Circuit.
May 14, 1973.
Rehearing Denied June 29, 1973.
Sidney D. Fazio and Frederick Kroenke, Jr., McCollister, Belcher, McCleary & Fazio, Baton Rouge, for appellant.
John L. Glover, Taylor, Porter, Brooks & Phillips, Baton Rouge, and Thomas B. Lemann, Monroe & Lemann, New Orleans, for appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
PICKETT, Judge.
The Ingram Corporation instituted this suit to require the defendant, James F. Cook, to surrender to it 400 shares of his stock in the Ingram Corporation (Ingram), upon Ingram paying defendant $10,072.00 in accordance with the terms of a contract executed by plaintiff and defendant on March 1, 1968, and an amendment thereto executed June 5, 1968.
The plaintiff alleged that on March 1, 1968, it entered into an agreement (with an amendment dated June 5, 1968), under the terms of which defendant purchased from plaintiff 400 shares of its stock for the sum of $10,072.00. Under the terms of that agreement, the defendant agreed to resell said stock to the plaintiff if his employment with plaintiff should be terminated within a period of seven years. The plaintiff further alleged that the defendant's employment was terminated on September 17, 1970; and that it called upon defendant to resell his stock to plaintiff in accordance with the said agreement, and *401 that it tendered to defendant the sum of $10,072.00 in payment therefor, but that the defendant has refused to surrender said stock though he is obligated to do so. The defendant in his answer admits that he purchased the stock as alleged by plaintiff and that his employment by the plaintiff has been terminated. But he alleges that the said stock purchase agreement and the amendment thereto are null and void and of no legal effect. The defendant in answer to written requests for admission of relevant matters of fact filed by the plaintiff, admitted that he purchased from plaintiff 400 shares of the one dollar par value Class B common stock of plaintiff corporation represented by Certificate No. 138. He also admitted his signature to both the original purchase agreement and the amendment thereto, but again denied the validity or enforceability of both instruments. He further admitted that he is no longer employed by Ingram and that Ingram through its representative has tendered him the sum of $10,072.00 in exchange for Certificate No. 138 for 400 shares of the one dollar par value Class B common stock of the Ingram Corporation.
The plaintiff filed a motion for a summary judgment and attached thereto the affidavit of W. J. Benton, Vice-President of the plaintiff corporation, together with a letter to the defendant from W. H. Benton, as well as copies of the stock purchase agreement and the amendment thereto. Each of these instruments are sworn to by W. H. Benton as being true and correct copies of the originals. The record shows that the motion for a summary judgment was tried June 31, 1972. From a judgment in favor of plaintiff, the defendant has appealed.
Applicable to appellant's contentions are LSA-C.C.P. Articles 966 and 967, both as amended by Act 36 of 1966. The pertinent parts of those articles provide:
"* * *. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material [of] fact, and that mover is entitled to the judgment as a matter of law. LSA-C.C.P. Art. 966.
* * * * * *
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. "If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (Emphasis ours.) LSA-C. C.P. Article 967.
At the trial of the motion for summary judgment, plaintiff Ingram introduced in evidence documentary proof consisting of verified copies of the stock purchase agreement dated March 1, 1968, and the amendment thereto dated June 5, 1968, together with the affidavit of W. J. Benton.
The portion of the stock purchase agreements that is relevant to the issues in this case is Paragraph 3 in the stock purchase agreement dated March 1, 1968, as amended on June 5, 1968, so that it reads as follows:
"3. If the employment of Employee with INGRAM (or with a corporation affiliated with INGRAM) is terminated
(a) Within seven years from the date of this agreement by Employee's resignation, discharge with or without cause, disability, or any other reason except the employee's death,

*402 or
(b) At any time, if Employee has committed acts of dishonesty or disloyalty or acts "substantially detrimental to the welfare of INGRAM or of such affiliated corporation,
then in either case, if such termination occurs while Employee is the registered owner of the Shares, Employee shall be bound to sell to INGRAM forthwith, and INGRAM shall be bound to purchase from Employee, the Shares at the lower of (i) the same price at which they were originally sold pursuant to this agreement by INGRAM to Employee, regardless of the fact that the number, attributes, or par value of the Shares may have been altered between the date of this agreement and the date of such resale by Employee to INGRAM by reason of any stock split, stock dividend, or amendment of the corporate charger of INGRAM, (ii) the then current book value of the Shares as defined in Par. 6 hereof, or (iii) in the event, but only in the event, that at the time of such termination a public offering (hereinafter referred to as a "Public Offering") of the Class B common Stock of INGRAM shall have been previously been registered pursuant to the Federal Securities Act of 1933 and made by either INGRAM or its then controlling stockholders, the then market value of the Shares."
W. J. Benton, whose affidavit was filed in evidence, was Vice-President of Ingram Corporation at the time of Cook's employment. A copy of a letter dated January 2, 1968, from W. J. Benton to Cook is attached to his affidavit. The letter confirms the terms and conditions of Cook's employment, and states that he will be allowed to purchase $10,000.00 of the Ingram stock. The purchase contracts show clearly the conditions under which Cook would be permitted to purchase the stock.
Cook raises no issue of material fact in his pleadings, nor has he filed any affidavit or deposition to raise an issue of a material fact. Cook's only defense is that the stock purchase agreement and the amendment thereto "are null and void and are of no legal effect", and that he "is not legally obligated" to resell the stock. He denies the validity or enforceability of the stock purchase agreement, as amended. But these declarations are solely conclusions of the pleader. It is true that Cook has attached to his brief a copy of an affidavit executed by James F. Cook dated June 23, 1972, in which he raises certain defenses. But the affidavit has not been made a part of the record in this case and we cannot consider the matter set forth therein.
Agreements legally entered into have the effect of laws on those who have formed them, and must be performed in good faith. Louisiana Civil Code Article 1901 provides:
"Agreements legally entered into have the effect of laws on those who have formed them.
"They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
"They must be performed with good faith."
Cook has not only failed to file any counter affidavit or evidence of any kind to rebut the evidence filed by the plaintiff, but he has admitted his employment with Ingram was terminated within seven years from the date of the stock purchase agreement, as amended; that he has the stock in question; and that he is not now presently employed by Ingram.
The above described documentary evidence constitutes convincing proof that Ingram retained the right in the stock purchase agreement as amended to require the defendant to resell the stock to it if his services were terminated within seven years from the date of the said agreement. He is not presently employed, and he has the stock in question. Therefore, the plaintiff is entitled to require the defendant to resell to it the 400 shares of one dollar par value Class B Common Stock *403 represented by Certificate No. 138 for the price and sum of $10,072.00.
For the reasons herein assigned, therefore, the judgment appealed from is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed.
Before LANDRY, TUCKER and PICKETT, JJ.

ON APPLICATION FOR REHEARING
PER CURIAM.
Appellant, James F. Cook, attached to his application for rehearing copy of an affidavit dated June 23, 1972, allegedly filed in this matter. On the strength thereof, appellant suggests that we erred in declaring in our original opinion that the affidavit by mover for summary judgment was unopposed and unchallenged.
We have reviewed this record, including the docket sheet of the trial court in this matter, and find that despite appellant's contention, the affidavit in question was never filed of record herein. The docket of the trial court indicates that plaintiff's motion for summary judgment, with attached affidavit and order, was filed June 15, 1972; that on said same date, said motion was assigned for July 3, 1972; that on July 3, 1972, the motion was submitted and taken under advisement, and that on November 21, 1972, judgment granting plaintiff's motion for summary judgment was rendered. The docket contains no entry of the filing of an affidavit by appellant, and none was contained in the record sent up by the trial court. Although some mention is made in the record of the affidavit having allegedly been presented to the District Judge by appellant while the case was under advisement, it appears that plaintiff neglected to file the affidavit of record. Accordingly, we are unable to consider the affidavit in the disposition of this matter.
Application for rehearing refused; all costs of these proceedings to be paid by appellant, James F. Cook.